UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 00-6824

JORGE E. PARRA,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-1, CA-99-504-3)

Submitted: October 26, 2000

Decided: November 16, 2000

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Kerry A. Lawrence, BRICCETTI, CALHOUN & LAWRENCE,
L.L.P., White Plains, New York, for Appellant. Helen F. Fahey,
United States Attorney, James B. Comey, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jorge Parra seeks to appeal the district court's dismissal of his motion for relief under 28 U.S.C.A. § 2255 (West Supp. 2000). Parra pled guilty pursuant to a plea agreement to conspiracy to distribute heroin, in violation of 21 U.S.C.A. § 846 (West 1999); and obstruction of justice, in violation of 18 U.S.C.A. § 1503 (West 2000). The plea agreement contained a waiver of the right to appeal the sentence to be imposed. Parra received concurrent sentences of 120 months imprisonment, to be followed by five years of supervised release. No appeal was noted from his conviction or sentence.

Parra filed this § 2255 motion in the district court, asserting that trial counsel was ineffective on two grounds: (1) counsel failed to move to suppress, as a violation of his Sixth Amendment right to counsel, Parra's taped attempt to bribe his codefendant into assuming responsibility for the drug offense; and (2) counsel failed to note an appeal although Parra told him to do so. The district court dismissed the first claim on the ground that Parra's right to counsel had not attached as to crimes that occurred at the time of the taping. We agree. The Sixth Amendment right to counsel is offense-specific, and therefore had not attached for the future charges resulting from the bribe attempt. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). The motion Parra wished counsel to make therefore was wholly without merit, and counsel's failure to do so does not fall outside the range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, the district court acted properly in dismissing this claim.

The district court held that because Parra waived his right to appeal the sentence, counsel's failure to note an appeal even if Parra had timely asked him to do so did not constitute ineffective assistance of counsel. The district court correctly noted that we have enforced

2

knowing and voluntary waivers of appellate rights. <u>See United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Wiggins</u>, 905 F.2d 51, 52-53 (4th Cir. 1990). However, the waiver of Parra's right to appeal his sentence does not preclude the right to raise on appeal claims, for example, of an involuntary guilty plea or prosecutorial misconduct, or even of the validity of the waiver.

Therefore, the claim requires further inquiry. The district court should determine the facts necessary to assess counsel's conduct under the Supreme Court's recent decision in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000). We vacate the district court's opinion on this issue, and remand for further proceedings consistent with this opinion. We affirm the district court's ruling on Parra's other claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED
AND REMANDED IN PART</u>

3